UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-11405-RGS

GARRITY, LEVIN AND MUIR, LLP

v.

UNITED STATES OF AMERICA,

PAUL DILLON, and SHARON DILLON

MEMORANDUM AND ORDER
ON THE MOTION OF THE UNITED STATES TO DISMISS
FOR WANT OF JURISDICTION

March 1, 2016

Plaintiff and counterclaim defendant Garrity, Levin and Muir, LLP (GLM), a Needham-based law firm, represented the interests of defendants Paul Dillon and Sharon Dillon in a third-party bankruptcy proceeding involving tax debtors John McBride, and his wife, Nancy McBride. At stake is Nancy McBride's interest in the $75,000 in excess proceeds resulting from the foreclosure sale of the McBrides' former home in Marblehead, Massachusetts. The money is being held in escrow by GLM. Both the Dillons and the Internal Revenue Service lay claim to the escrowed funds.[1] The IRS

---

[1] In May of 2009, the Dillons loaned the McBrides $38,052 secured by a promissory note and later a mortgage on the Marblehead home. At the

1

now moves to dismiss for want of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

How GLM came into possession of the escrowed funds is as follows. On July 17, 2012, Gary Cruickshank, the Trustee of the McBride estate, petitioned the Bankruptcy Court for an order permitting him to disburse the excess funds. The Bankruptcy Court, having previously held that it lacked jurisdiction over Nancy McBride (and therefore the Dillons' derivative claim to the excess funds), adopted a proposal (endorsed by the IRS attorney) that the funds be transferred from the Trustee to an escrow account held by GLM.[2]  Immediately following the transfer, the IRS served GLM with a Notice of Levy. The Notice explained to GLM that the Dillons' only recourse was to bring an action for wrongful levy pursuant to 26 U.S.C. § 7426 within the applicable nine-month statute of limitations. For reasons unknown, the Dillons, or more precisely, GLM acting on their behalf, did not file an objection to the levy. Instead, on March 27, 2015, after receiving a Final

---

time they gave the loan, the Dillons were unaware that the McBrides had filed for bankruptcy in 2008. The IRS claim arises from liens placed on the home in 2007 for taxes owing for the years 2003 through 2005. Additional facts are set out in the court's Memorandum and Order of October 16, 2015, denying GLM's motion to dismiss the IRS's counterclaims.

[2] The parties had earlier entered into a stipulation to follow this course if they could not agree on the appropriate forum in which to resolve the competing claims of the Dillons and the IRS.

Demand for Payment from the IRS, GLM filed this interpleader action under Fed. R. Civ. P. 22, naming the Dillons and the IRS as defendants.[3]  GLM maintains that it cannot comply with the IRS's levy, or distribute the funds to the Dillons, without facing potential liability to the unrequited party.

The IRS responded by counterclaiming against GLM, demanding payment of the levy with interest (Count I), and for the assessment of an additional 50 percent penalty against GLM for failing to honor the original levy without reasonable cause (Count II).  On January 14, 2016, claiming sovereign immunity, the United States filed the instant motion to dismiss for lack of subject matter jurisdiction.

It is black letter law that the United States is not required to interplead when it has not waived its sovereign immunity.  7 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1721, at 699 (2001).  In 1996, 28 U.S.C. § 2410(a)(5), which in its then existing form waived the immunity of the United States in quiet title or foreclosure actions where it "ha[d] or claim[ed] a mortgage or other lien," was amended to clarify that the waiver extended to interpleader actions as well.  There is a limitation: the section

---

[3] GLM also pled under 28 U.S.C. § 1335 (statutory interpleader). Statutory interpleader, however, requires complete diversity between the parties.  As the United States is not a citizen for diversity purposes, by definition diversity jurisdiction does not exist. *See Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993).

2410(a) waiver applies only to a "true" interpleader. *See* Wright, Miller & Kane § 1721, at 701 ("Section 2410(a) will not apply unless 'a viable interpleader action is filed naming the United States as a party defendant.' In the absence of a bona fide interpleader, the court lacks subject-matter jurisdiction.") (internal footnote omitted).

A true interpleader arises when a stakeholder is subject to a legal dilemma because two or more parties have colorable claims to the stake in its possession and the satisfaction of one will likely lead to a lawsuit by the other(s). Here there is no true interpleader, as GLM can incur liability to only one party – the United States, by failing to honor the levy. This is because 26 U.S.C. § 6332(e) holds a party complying with an IRS levy absolutely immune from liability to any other competing claimant.[4] Instead of seeking relief from the levied party, the frustrated other is channeled by 26 U.S.C. § 7426 to an action for wrongful levy against the IRS itself. To the extent that GLM now faces the potential of liability to the Dillons, it is because of an omission of the firm's own making – its failure to advise the

---

[4] There are only two defenses to a failure to honor an IRS levy, either the party served is not in possession of the taxpayer's property, or the property is subject to judicial attachment or execution. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721-722 (1985). Neither applies to the stake in GLM's possession.

Dillons to bring an action contesting the IRS levy within the nine months allowed.[5]

## ORDER

For the foregoing reasons, the motion of the United States to dismiss for lack of subject matter jurisdiction is <u>ALLOWED</u>. The Clerk will now close the case.[6]

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[5] GLM complains (not without reason) that it was misled into believing that interpleader was a proper legal recourse by the fact that an IRS attorney (Nina Ching) appeared to endorse an interpleader action in the hearing before the Bankruptcy Court. The circumstances, however, are not pellucid. While Ms. Ching used the word interpleader in describing her prior dealings with the Dillons and GLM, she also noted that the Dillons were not amenable to an interpleader, and that she was "happy if the check is issued to [GLM] because then the IRS can just pursue collection there. . . . And then they can file a wrongful levy suit . . . ." Bankr. Hr'g Tr., July 17, 2012, at 5-6 (Dkt # 30-1). There also is no dispute that the Notice of Levy served by the IRS on GLM stated that an action of wrongful levy was the only available recourse open to GLM and the Dillons. Even absent that notice, GLM's suggestion of an equitable estoppel against the United States fails. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426 (1990) ("Judicial use of the equitable doctrine of estoppel cannot grant respondent a . . . remedy that Congress has not authorized."). The government-abetted confusion might, however, prompt the IRS to reconsider the imposition of a 50% penalty on GLM.

[6] The Government agreed at the hearing held February 26, 2016, that a dismissal on Fed. R. Civ. P. 12(b)(1) grounds would terminate its counterclaims as well.